IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

MR. TYRA ELLIOTT,

    Plaintiff,

vs.                                               No. 15-2541-SHL-dkv

SHERATON MEMPHIS DOWNTOWN,

    Defendant.
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE DISMISSAL*
_____

On August 14, 2015, the plaintiff, Tyra Elliott ("Elliott"), proceeding *pro se*, filed a complaint on a court-supplied form for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 against the defendant, Sheraton Memphis Downtown ("Sheraton"), (Compl., ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). On August 18, 2015, the court issued an order granting Elliott leave to proceed *in forma pauperis*. (ECF No. 5.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that

this case be dismissed *sua sponte* for failure to exhaust administrative remedies and for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

Elliott filed his complaint on a court-supplied form styled "Complaint" pursuant Title VII of the Civil Rights Act of 1964. In the complaint, Elliott alleges that Sheraton terminated his employment and retaliated against him on the basis of race. (Compl. ¶¶ 6, 9, ECF No. 1.) In the section of the form complaint which calls for the "facts" of the case, Elliott set forth the following:

> I was recognized 3 times by the General Manager for the work I do never once by my engineering team which were all white when I complain to coperate [sic] I was terminated for not clocking out. But I have servall [sic] wittneses [sic] stating the clock doesn't work propely [sic].

(*Id.* ¶ 10.)

Elliott states in his complaint that he filed charges against Sheraton with the Tennessee Human Rights Commission ("THRC") and with the Equal Employment Opportunity Commission ("EEOC"), and that the EEOC issued a notice of right-to-sue letter which he received on May 15, 2015. (*Id.* ¶¶ 11, 12, 14.) Elliott attached an acknowledgment letter from the THRC dated May 15, 2015, (ECF No. 1-1), but he did not attach the EEOC notice of right-to-sue to his complaint.

For relief, Elliott asks that the court direct the defendant to pay plaintiff back pay in the amount of $50,000 and interest on the back pay. (Compl. 6, ECF No. 1.) Elliott demands a jury trial. (*Id.* ¶ 16.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Elliott's complaint states a claim on which relief may be granted, the court applies the standards

under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell*

4

*Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts

5

are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  Exhaustion of Administrative Remedies

Before filing suit in federal court under Title VII, the plaintiff must first timely file a relevant charge of discrimination before the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006)(citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). The plaintiff must file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right-to-sue, the employee has ninety days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e-5(f)(1). Administrative exhaustion thus involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice.

6

*Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Elliott has failed to attach to his complaint the charge of discrimination that he filed with the EEOC or the notice of right-to-sue that the EEOC issued to him. Elliott asserts that he filed a charge with THRC and the EEOC on "3/15." (Compl. ¶¶ 11, 12, ECF No. 1.) Given the information provided by Elliott, the court cannot determine, without speculating, whether Elliott filed a charge with the EEOC within one hundred and eighty days after his termination.

Further, Elliott states that he received a right-to-sue letter from the EEOC on May 15, 2015. (*Id.* ¶ 14.) However, the May 15, 2015 letter attached by Elliott is THRC's letter notifying him that his THRC complaint was sent to Sheraton, (ECF No. 1-1). It is unclear, therefore, whether Elliott in fact received a right-to-sue letter from the EEOC, and whether, upon receiving a right-to-sue letter, Elliott filed a timely complaint before this court. For these reasons, Elliott has failed to demonstrate that he has exhausted his administrative remedies on his claim of discrimination.[1]

---

[1]Further, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). For a discrimination claim to be amenable to suit in federal court,

C.  Elliott's Title VII Race-Discrimination Claim

Even assuming that Elliott has exhausted his administrative remedies, the court recommends dismissal of Elliott's claims for failure to state a claim upon which relief may be granted. Elliott alleges in his complaint that Sheraton discriminated against him based on his race. (Compl. ¶¶ 9, 10, ECF No. 1.) Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). The essential elements of a Title VII race-discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that she was subjected to an adverse employment decision; (3) that she was qualified for the

---

"[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); *see also Hathcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011). Here, the court cannot determine whether Elliott's discrimination claim grows out or sufficiently relates to the facts alleged in the EEOC charge because Elliott has not attached his EEOC charge to the complaint. It is unclear, therefore, whether Elliott's discrimination and retaliation claims are amenable to suit in federal court.

position; and (4) that either similarly situated non-protected employees were treated more favorably or she he was replaced by someone outside his protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

Elliott has failed to allege sufficient facts to state a claim for racial discrimination. As to the first prong, Elliott has not specifically alleged that he is a member of a protected group. Elliott alleges that he was terminated from his employment; therefore, the second prong is satisfied. As to the third prong, there are no allegations in the complaint that Elliott was qualified for the position. Lastly, Elliott has also failed to plead the fourth prong of his Title VII race-discrimination claim because he has not alleged that similarly situated non-protected employees were treated more favorably or that he was replaced by someone outside his protected class. In fact, Elliott expressly states that he was terminated for not clocking out. (Compl. ¶ 10, ECF No. 1.) There are no facts in the complaint from which the court can infer any connection between Elliott's termination and his race. Thus, the court recommends that Elliott's race-discrimination claim be dismissed for failure to state a claim upon which relief may be granted.

D. Elliott's Title VII Retaliation Claim

Elliott vaguely asserts in his complaint that Sheraton retaliated against Elliott by terminating him because he

9

complained about his engineering team. (*Id.* ¶ 10.) In order to set forth a prima facie case for retaliation, a plaintiff must demonstrate that: (1) he engaged in an activity protected by Title VII; (2) the defendant knew the plaintiff engaged in protected activity; (3) the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997)(citing *Wrenn v. Gould,* 808 F.2d 493, 500 (6th Cir. 1987)). Title VII-protected activity includes opposing a practice made unlawful by Title VII or filing a charge, testifying, assisting, or participating in a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a). In order to establish a causal connection between a plaintiff's protected activity and the challenged action, the plaintiff must "proffer evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Id.* at 861 (citing *Zanders v. Nat'l R.R. Passenger Corp.,* 898 F.2d 1127, 1135 (6th Cir. 1990)).

Elliott has failed to allege facts supporting a viable retaliation clailm. As to the first prong, there are no allegations in the complaint that Elliott participated in a hearing or investigation of discrimination or that he opposed a practice made unlawful by Title VII. As to the second prong,

10

Elliott fails to allege that Sheraton knew of his alleged protected activity. As to the last prong, Elliott does not provide sufficient facts to infer a causal connection between the protected activity and his termination. Because Elliott has failed to plead facts sufficient for the court to infer the essential elements of a Title VII retaliation claim, the court recommends that such claim be dismissed for failure to state a claim upon which relief can be granted.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Elliott's complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to exhaust administrative remedies and for failure to state a claim.

Respectfully submitted this 31st day of August, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.